Hanover Saving Fund Society, Appellant, v. Milton Kohler and J. Emory Bair, in trust for Sarah Kohler.

*Husband and wife—Judgment—Evidence.*

In a contest between a wife and her husband's creditors over the distribution of a fund raised by a sheriff's sale of the husband's real estate, a decision in favor of the wife should be sustained where it appears that the husband gave to his wife judgment notes at a time when there was no occasion to contemplate fraud, and that the wife had a separate estate which she had loaned to her husband sufficient to sustain her claim for the fund.

Argued May 19, 1898. Appeal, No. 323, Jan. T., 1897, by plaintiff, from order of C. P. York Co., August T., 1894, No. 66, dismissing exceptions to auditor's report. Before STERRETT, C. J., McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Exceptions to auditor's report.

The fund in controversy was raised by a sheriff's sale of the estate of Jesse Kohler. In 1894, the decedent, Jesse Kohler, confessed two judgments to his wife, aggregating over $12,000. The amount realized at the sheriff's sale was $8,530.20. The appellant, the Hanover Saving Fund Society, a junior judgment creditor, alleged that the judgments confessed to Mrs. Kohler were fraudulent. The auditor, J. R. Strawbridge, Esq., found as a fact that Mrs. Kohler had a separate estate derived from her father and from other sources amounting in the aggregate to over $9,000, all of which she had loaned to her husband. He further found that there was no fraud, and he awarded the whole balance of the fund to Mrs. Kohler.

Exceptions to the auditor's report were dismissed, W. F. BAY STEWART, J., filing the following opinion :

After fully and carefully examining the testimony upon which the findings of the commissioner rest, I am not convinced that he has committed any error.    In addition to the convincing evidence furnished by the production of the original notes given by the husband to his wife, at a time when there was no occasion to contemplate fraud, she has shown fully the sources from which she was entitled to receive considerable amounts of money, and supports it by her oath of actual receipts, in addition to showing positively receipts of very considerable sums from other sources, sufficient to sustain her claim as found by the auditor.    There is also an entire absence of anything looking like fraudulent devices to create or secure her claim.    That there was error in the calculation of the amount of her judgments may be true, but this does not fully appear.    If it was not fraudulent it would not invalidate her claims or postpone them, in so far as they were honest.

I therefore dismiss the exceptions and confirm the report.

*Error assigned* was the order of the court.

*E. Chapin*, for appellant, cited Gamber v. Gamber, 18 Pa. 363; Kenney v. Good, 21 Pa. 349; Delaney v. Mulligan, 148 Pa. 158; Jack v. Kintz, 177 Pa. 571; Hause v. Gilger, 52 Pa. 412; Wilson v. Silkman, 97 Pa. 512; Sawtelle's App., 84 Pa. 306; Tripner v. Abrahams, 47 Pa. 229.

*Geo. J. Benner*, for appellees, filed no paper-book and offered no argument.

PER CURIAM, July 21, 1898:

This appeal is from the decree of the court below distributing the proceeds of defendant's real estate sold by the sheriff on plaintiff's execution.

The facts found by the commissioner appointed to distribute the fund were fully warranted by the evidence, and rightly approved by the court.    On the facts thus established, and for reasons given by the learned judge of the common pleas, he was clearly right in dismissing the exceptions, confirming the commissioners' report, and decreeing distribution accordingly. We find no error in the record, nor is there anything in either of the assignments of error that requires further notice.

Decree affirmed and appeal dismissed at appellant's costs.